# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENRIQUE HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 14 CV 6522 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| RANDY PFISTER, Warden, ) | |
| Pontiac Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Enrique Hernandez filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that both his trial and appellate counsel were ineffective and alleging that the prosecution withheld favorable evidence. Respondent answered, arguing that the petition should be denied because some of petitioner's claims are procedurally defaulted and the others are barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons discussed below, the court denies the habeas petition and declines to issue a certificate of appealability.

## BACKGROUND

Following a jury trial, petitioner was convicted of first degree murder for a gang-related shooting and sentenced to 45 years' imprisonment. People v. Hernandez, No. 06 CR 22055 (Cook Cnty. Cir. Ct.). The evidence showed that at around 2:00 a.m. on February 18, 2006, petitioner was involved in a gang fight between the Latin Counts (to which petitioner belonged) and the Latin Kings. Doc. 24, Exh. R at C28. Shots were fired and two eyewitnesses identified petitioner as the person who shot the victim two or three times with a revolver. Id. Additionally,

petitioner allegedly told detectives and the Assistant State's Attorney that he shot the victim two to three times in a post-arrest statement. Id. at C29.

With the assistance of appellate counsel, petitioner appealed, raising two claims: (1) the trial court failed to comply with Illinois Supreme Court Rule 431(b) by not affording each potential juror the opportunity to express his or her understanding of the Zehr[1] principles; and (2) that the monetary judgment against him was improperly assessed. Petitioner did not challenge the sufficiency of the evidence on direct appeal. People v. Hernandez, No. 1-08-3262 (Ill. App. Ct. Nov. 5, 2010). The Illinois Appellate court affirmed petitioner's conviction and sentence, but modified the monetary judgment. Id. Petitioner then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, which was denied. Order, People v. Hernandez, No. 111468 (Ill. Nov. 30, 2011).

Petitioner filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1 et seq., on May 3, 2012, raising a litany of claims, which he repeats in the instant petition. Petitioner argued that: (1) his appellate counsel was ineffective for failing to argue on appeal that (a) the trial court erred in denying his motion to suppress, (b) trial counsel was ineffective for failing to raise a hearsay objection to a detective's testimony regarding his conversation with a witness, (c) petitioner was denied a fair trial by the admission of photographs of his gang tattoos, (d) the prosecution failed to prove petitioner's guilt beyond a reasonable doubt, and (e) the prosecution made improper comments during closing argument; and (2) his trial counsel was ineffective for failing to (a) move to suppress an out-of-court identification of petitioner on the basis that the photo array was unduly suggestive, (b) move to suppress an out-of-court identification of petitioner on the basis that the line-up was unduly suggestive, (c) move to exclude witnesses in a

---

[1] Illinois Supreme Court Rule 431(b) requires that the trial court ask prospective jurors if they understand and accept four principles of law. See Ill. Sup. Ct. R. 431(b); People v. Zehr, 103 Ill.2d 472 (1984).

timely manner, (d) move to exclude any in-court identifications of petitioner, (e) file pre-trial discovery requesting photographs of allegedly suggestive line-ups, (f) investigate an alleged videotape of petitioner's post-arrest interviews in the Hammond police station, (g) properly impeach a witness regarding an initial statement to the police that he did not know the shooter, and (h) impeach a witness regarding his initial statement to police that allegedly did not contain a specific description of the shooter. Doc. 24, Exh. R at C11—26. Petitioner further argued that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), when it failed to disclose photographs of the three lineups petitioner participated in. Id. That petition was also denied. Id. at C28—45.

Petitioner appealed that denial and the Office of the State Appellate Defender was appointed to assist with the appeal. Doc. 24, Exh. G. After reviewing petitioner's claims, appointed counsel found them to be without merit and moved to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). Id. The state appellate court granted appointed counsel leave to withdraw and summarily affirmed the dismissal of petitioner's postconviction petition. People v. Hernandez, No. 1-13-0201 (Ill. App. Ct. Mar. 6, 2014). Petitioner then filed a PLA with the Illinois Supreme Court, which was denied. Order, People v. Hernandez, No. 117554 (Ill. May 28, 2014). Petitioner filed the instant petition on August 13, 2014.

## DISCUSSION

### I. Standard of Review

AEDPA provides the standard of review applied to federal habeas corpus petitions filed under 28 U.S.C. § 2254 by persons in state custody. Under AEDPA, a petitioner is not entitled to a writ of habeas corpus for a non-defaulted claim unless the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Court. Williams v. Taylor, 529 U.S. 362, 405 (2000).

"Federal habeas relief from a state-court criminal judgment is not easy to come by because [AEDPA] requires [the court] to defer to a great extent to the decisions of state courts." Thompkins v. Pfister, 698 F.3d 976, 983 (7th Cir. 2012) (internal quotations omitted). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." Williams, 529 U.S. at 409. It is a difficult standard to meet because unreasonable means something lying "well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003) (internal quotations omitted).

## II. Analysis

### A. Procedural Default

Respondent argues that the following claims are procedurally defaulted: 2(b) (that petitioner's trial counsel was ineffective for failing to move to suppress an out-of-court identification of petitioner on the basis that the line-up the witness viewed was unduly suggestive; 2(f) (that trial counsel was ineffective for failing to uncover a videotape of

petitioner's interrogation at the Hammond police station); and petitioner's Brady claim. According to respondent, these claims are defaulted because they were already rejected by the state court on the independent and adequate state law ground that petitioner failed to support his allegations with affidavits or other evidence, as required under the Illinois Postconviction Hearing Act.² See Woods v. Schwartz, 589 F.3d 368, 373 (7th Cir. 2009) (Federal claims resolved by state courts on state law grounds that are independent of the federal question are not reviewable by federal courts.). Respondent acknowledges that, in summarily affirming the dismissal of petitioner's postconviction petition, the state appellate court did not reach the merits of these claims. Respondent notes, however, that the court must look to the record the state court was presented with, including petitioner's appointed counsel's Finley motion, "and the surrounding circumstances to determine whether the state court relied on an independent and adequate state law ground in disposing of the claim." Id. at 375. It is to the record, and that motion, that the court will now turn.

Appointed counsel's Finley motion explicitly addressed petitioner's claims that his trial counsel was ineffective for failing to move to suppress an out-of-court identification of petitioner on the basis that the line-up was unduly suggestive (claim 2(b)), and failing to investigate an alleged videotape of petitioner's interviews in the Hammond police station (claim 2(f)). Appointed counsel noted that the state court was correct in summarily dismissing these claims for failure to attach supporting documentation, as required by Illinois law. Doc. 24, Exh. G at 11—12. Indeed, the state court cited petitioner's failure to fulfill the Illinois requirement to

---

² See People v. Jackson, 213 Ill. App. 3d 806, 810 (2d Dist. 1991) ("The Post-Conviction Hearing Act . . . provides a remedy to criminal defendants who claim that substantial violations of constitutional rights occurred at trial. (People v. Owens (1989), 129 Ill.2d 303, 307, 135 Ill.Dec. 780, 544 N.E.2d 276; People v. Seidler (1990), 203 Ill.App.3d 666, 668, 149 Ill.Dec. 108, 561 N.E.2d 386). Section 122-2 of the Act provides that a petition for post-conviction relief 'shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.'").

5

attach supporting documentation in its dismissal of those claims. Doc. 24 Exh. R at C33—34. As for petitioner's Brady claim, which was not mentioned in the Finley motion, after reviewing the state court's opinion dismissing petitioner's claims, it is clear to this court that the state court relied on Illinois law to dispose of it. In analyzing the claim, the state court noted that petitioner "has not produced any supporting evidence, and thus, this is merely a bald and conclusory argument that must fail on post-conviction review." Doc. 24, Exh. R at C36. To support this conclusion, the court cited People v. Jackson, 213 Ill. App. 3d 806, 811 (2nd Dist. 1991), which itself cites a number of Illinois cases, all of which dismissed postconviction claims that lacked factual support. Id.

In sum, the state court made no mention whatever of federal law when analyzing the above claims, and instead relied on petitioner's failure to fulfill the Illinois requirement to attach supporting documentation to dismiss them. Accordingly, the state court's decision "fairly appears to rest primarily on state law" and is therefore unreviewable in this court. Coleman v. Thompson, 501 U.S. 722, 740 (1991).

A federal court can review a procedurally defaulted claim only if "the petitioner can demonstrate both cause for and prejudice from the default or that a miscarriage of justice will occur if [the court] do[es] not consider his claims." Woods, 589 F.3d at 373 (internal quotations omitted). To establish cause, a petitioner must demonstrate that "an external obstacle" prevented him from presenting the federal claim in state court." Anderson v. Benik, 471 F.3d 811, 815 (7th Cir. 2006). Prejudice is defined as "an error which so infected the entire trial that the resulting conviction violates due process." Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010). To show that the court's failure to consider his claim would result in a fundamental miscarriage of justice, a petitioner must establish that "a constitutional violation has probably resulted in the conviction

of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 492 (1986). In the instant case, petitioner has not even attempted to allege that he meets any of these requirements. Instead, he argues in his reply brief that, in summarily affirming the dismissal of petitioner's claims, the state appellate court decided those claims on the merits, and did not deny petitioner's claims on state law grounds. Petitioner is incorrect.

The Seventh Circuit has rejected "a categorical rule that a decision is merits-based whenever an appellate court grants a Finley motion and summarily affirms the trial court's denial of a post-conviction petition." Woods, 589 F.3d at 375. As explained above, "where on the face of the order it is unclear on what basis the [appellate] court disposed of a claim . . . we look to the nature of the disposition and the surrounding circumstances to determine whether the state court relied on an independent and adequate state law ground in disposing of the claim." Id. Such surrounding circumstances include the Finley motion, and, in the instant case, the trial court's seventeen page order. The court has conducted the appropriate review and finds that the above claims were decided on independent and adequate state law grounds (Illinois' affidavit rule), and are therefore procedurally defaulted. Accordingly, this court cannot review those claims and the petition is denied as to all of them.

### B. Appellate Counsel's Effectiveness

Petitioner claims that his appellate counsel was ineffective for a number of reasons. Appellate counsel can only be found constitutionally deficient only if: "(1) his performance was deficient, meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms' and (2) his deficient performance prejudiced [petitioner], meaning that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Shaw v. Wilson, 721 F.3d 908, 914 (7th

Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). In determining the first prong of this analysis, "courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful." Id. (internal quotations omitted). "Genuinely strategic decisions that were arguably appropriate at the time, but, with the benefit of hindsight, appear less than brilliant will not be second-guessed." Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996) (internal quotations and alterations omitted). The first prong need not be addressed at all, however, if the court finds that the defendant suffered no prejudice as a result of his counsel's performance. See Strickland, 466 U.S at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). "Because appellate counsel is not required to raise every non-frivolous issue on appeal, appellate counsel's performance is deficient under Strickland only if she fails to argue an issue that is both obvious and clearly stronger than the issues actually raised." Makiel v. Butler, 782 F.3d 882, 898 (7th Cir. 2015) (internal quotations omitted).[3]

Upon review in federal court, AEDPA adds "an extra layer of deference," which means that the court will defer to the state court's determination that petitioner received effective assistance "unless that determination is contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts." Id. "The combination of Strickland and Section 2254(d) requires deference upon deference from federal courts reviewing the constitutionality of state criminal convictions." Id. Consequently, petitioner faces a high bar in his attempt to establish that the state court's application of the Strickland standard was unreasonable. Allen v. Chandler, 555 F.3d 596 (7th

---
[3] The state court properly identified the Strickland standard set out above. See Doc. 24, Exh. R at C 31—32.

Cir. 2009). Because the state court properly applied the Strickland standard based on a reasonable determination of the facts, petitioner is unable to meet that bar. See Rodriguez v. Gossett, 842 F.3d 531, 538 (7th Cir. 2016) ("A habeas petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.") (internal quotations omitted).

### 1.  Motion to Suppress – Claim 1(a)

Petitioner claims that his appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion to suppress his post-arrest statements to police because they were taken in violation of his Fifth Amendment right to remain silent and through coercion. The state court rejected this claim, noting that appellate courts grant "great deference to the trial court's findings" and "will disturb those findings only if they are against the manifest weight of the evidence." Doc. 24, Exh. R at C41 (citing People v. Jones, 294 Ill. Dec. 129 (2005)). The state court further noted petitioner's failure to "advance any new claims or supporting evidence" that would have prompted the appellate court to overturn the "informed decision of the trial court" – a decision that it reached only after holding a hearing on the motion. Id. The state court ultimately reasoned that appellate counsel's decision not to challenge the trial court's denial of the motion to suppress was neither objectively unreasonable nor prejudicial because the argument "would not have likely succeeded." Id. That decision was based on the record, which shows that two detectives and an assistant state's attorney testified at petitioner's suppression hearing that he was advised of his rights, or Mirandized, multiple times before being questioned, and chose to waive those rights without any threat or coercion. See Doc. 24 Exh. M. In his reply, petitioner claims that this testimony was contradicted by circumstantial evidence, but fails

9

to mention what that evidence was, and the court is unaware of any such evidence. Given this record, appellate counsel was under no obligation to raise a claim that was almost certainly doomed. See Howard v. Gramley, 225 F. 3d 784, 791 (7th Cir. 2000) (the "kitchen sink" approach to briefing is distracting, confusing, and "consumes space that should be devoted to developing the arguments with some promise."); Mason, 97 F.3d at 893 ("Effective advocacy does not require the appellate attorney to raise every non-frivolous issue under the sun, of course. After all, one of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects.") (internal quotations and alterations omitted). Because the state court properly applied the Strickland standard based on a reasonable determination of the facts throughout its reasoning, the court rejects petitioner's claim.

### 2. Hearsay – Claim 1(b)

Petitioner also claims that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not objecting to hearsay during a detective's testimony regarding a conversation he had with a witness during his investigation. As the state court noted, however, the testimony petitioner complains of was not hearsay, and trial counsel's failure to object to it was therefore not unreasonable. The record shows that the detective testified that he interviewed a witness and subsequently created a photo array that included petitioner. The state court reviewed this testimony, finding that the detective did not relay any of the witness' statements to the jury, but rather testified "regarding the steps taken in investigating [the] crime," so there was no hearsay testimony elicited to which trial counsel could have, or should have, objected. See Doc. 24, Exh. M at C44 (citing People v. Simms, 143 Ill. 2d 154 (1991)). Again, petitioner's appellate counsel was not obligated to bring a claim that could not have possibly succeeded, and the state court properly applied the Strickland standard. The court rejects petitioner's claim.

### 3. Admission of Petitioner's Gang Tattoo Photographs – Claim 1(c)

Petitioner claims that his appellate counsel was ineffective for failing to argue that petitioner was denied a fair trial when the trial court allowed into evidence photographs of his tattoos that demonstrated his affiliation with the Latin Counts street gang.[4] The state court rejected this claim, noting that the trial court "exercised great care in using discretion" to allow into evidence only two of five proposed photographs, and that those photographs were "admissible to show common purpose or design, or to provide a motive for an otherwise inexplicable act." Doc. 24, Exh. M at C44 (citing People v. Smith, 141 Ill. 2d 40 (1991)). Again, the state court found that appellate counsel was under no obligation to bring a meritless claim. Indeed, appellate counsel would have shouldered the burden of showing that the trial court's ruling admitting the photographs was "arbitrary, fanciful, unreasonable" or that "no reasonable person would take the view adopted by the trial court." People v. Wheeler, 871 N.E.2d 728, 750 (Ill. 2007) (internal quotations omitted). Given the unlikelihood, if not impossibility, of success, appellate counsel was not ineffective for failing to bring this claim. McNary v. Lemke, 708 F.3d 905, 920 (7th Cir. 2013). The court rejects this claim because the state court did so after properly applying the Strickland standard.

### 4. Failure to Argue Lack of Proof – Claim 1(d)

Next, petitioner claims that his appellate counsel was ineffective for failing to argue that the state did not prove his guilt beyond a reasonable doubt. As explained above, however, counsel is not ineffective for failing to raise a claim that has little to no chance of success. To succeed on a sufficiency claim, counsel would have had to show that no reasonable trier of fact could have found petitioner guilty, even when viewing the evidence in the light most favorable to

---

[4] Petitioner has tattoos on both of his legs: one tattoo reads "Latin" while the other reads "Counts."

11

the state. Jackson v. Virginia, 443 U.S. 307, 318—19 (1979). This would have been an impossible endeavor considering the evidence presented at trial: petitioner's confession and the testimony of multiple eyewitnesses attesting that petitioner was the shooter. See Woods, 589 F.3d at 378 ("[A]t trial, two eyewitnesses is very strong evidence of guilt[.]"); United States v. Payton, 328 F.3d 910, 911 (7th Cir. 2003) (finding the testimony of one credible witness adequate to defeat a sufficiency claim). As the state court found in its analysis of this claim, petitioner challenges not the sufficiency of the evidence, but rather the credibility of the witnesses. Consequently, his claim would not have succeeded on appeal and his appellate counsel was not ineffective for failing to present it. Because the state court properly applied the Strickland standard, petitioner's claim fails.

### 5. Failure to Challenge the Prosecutor's Comments – Claim 1(e)

Petitioner's final claim relating to appellate counsel is that counsel was ineffective for failing to challenge a number of comments made by the prosecutor during closing arguments. As respondent points out, however, appellate counsel could not have challenged those comments because trial counsel did not object to any of them. Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc., 106 F. Supp. 3d 927, 933 (N.D. Ill. 2015), appeal dismissed (Sept. 21, 2015) ("A party forfeits any post-trial challenge to opposing counsel's arguments by failing to object at trial."). Again, appellate counsel was not ineffective for failing to raise an argument that was doomed at its onset. Additionally, after examining the closing arguments, the state court found this claim to be "frivolous and without merit" due to the "wide latitude" permitted during closing argument and the fact that the "prosecutor did not misstate the facts or the law." Doc. 24, Exh. R at C43. Consequently, even if the argument were not forfeited, it was almost certainly doomed, and appellate counsel would not have been ineffective for failing to raise it. The state court

the state. Jackson v. Virginia, 443 U.S. 307, 318—19 (1979). This would have been an impossible endeavor considering the evidence presented at trial: petitioner's confession and the testimony of multiple eyewitnesses attesting that petitioner was the shooter. See Woods, 589 F.3d at 378 ("[A]t trial, two eyewitnesses is very strong evidence of guilt[.]"); United States v. Payton, 328 F.3d 910, 911 (7th Cir. 2003) (finding the testimony of one credible witness adequate to defeat a sufficiency claim). As the state court found in its analysis of this claim, petitioner challenges not the sufficiency of the evidence, but rather the credibility of the witnesses. Consequently, his claim would not have succeeded on appeal and his appellate counsel was not ineffective for failing to present it. Because the state court properly applied the Strickland standard, petitioner's claim fails.

### 5. Failure to Challenge the Prosecutor's Comments – Claim 1(e)

Petitioner's final claim relating to appellate counsel is that counsel was ineffective for failing to challenge a number of comments made by the prosecutor during closing arguments. As respondent points out, however, appellate counsel could not have challenged those comments because trial counsel did not object to any of them. Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc., 106 F. Supp. 3d 927, 933 (N.D. Ill. 2015), appeal dismissed (Sept. 21, 2015) ("A party forfeits any post-trial challenge to opposing counsel's arguments by failing to object at trial."). Again, appellate counsel was not ineffective for failing to raise an argument that was doomed at its onset. Additionally, after examining the closing arguments, the state court found this claim to be "frivolous and without merit" due to the "wide latitude" permitted during closing argument and the fact that the "prosecutor did not misstate the facts or the law." Doc. 24, Exh. R at C43. Consequently, even if the argument were not forfeited, it was almost certainly doomed, and appellate counsel would not have been ineffective for failing to raise it. The state court

rejected this claim by properly applying the Strickland standard. Accordingly, this court rejects it as well.

### C. Trial Counsel's Effectiveness

Petitioner also claims that his trial counsel was ineffective for a number of reasons. The Strickland and AEDPA standards outlined above apply to this inquiry as well. As with petitioner's ineffectiveness of appellate counsel claims, the state court properly identified and applied the Strickland standards to his ineffectiveness of trial counsel claims, and rejected them. Consequently, his petition is denied on these grounds.

#### 1. Failure to Move to Suppress Out of Court Identification – Claim 2(a)

Petitioner's first claim that his trial counsel was ineffective is premised on a failure to move to suppress an out of court identification made by a witness through a photo array that was allegedly impermissibly suggestive. According to petitioner, the photo array was unduly suggestive because it also contained a photo of another suspect. Petitioner argues that "[c]learly established federal law" prohibits placing more than one suspect in a photo array. The cases that petitioner cites, one of which this court could not locate,[5] do not support this position, and this court knows of no such support.

In analyzing this claim, the state court noted that petitioner's trial counsel would have borne the burden of establishing that the photo array was "so unnecessarily suggestive that it gave rise to a substantial likelihood of irreparable mistaken identification" to succeed on a motion to suppress. Doc. 24, Exh. R at C32 (citing People v. Curtis, 262 Ill. App. 3d 876 (1st Dist. 1994)). The court further noted that such a motion was highly unlikely to succeed because

---

[5] Petitioner cites to United States v. Johnson, 452 F.3d 1316 (7th Cir. 2005), but a search for that case yields the following case: Honeywell Intern., Inc. v. ITT Industries, Inc. 452 F.3d 1312 (Fed. Cir. 2006). Despite an extensive search based on the named parties, the court was unable to find a case to support petitioner's argument decided by the Seventh Circuit.

13

petitioner's allegations did not suggest that the investigating detectives had "spotlighted" petitioner as the suspected shooter, which would have been necessary for the photo array to be found unduly suggestive, by including another suspect in the photo array. Id. at C33 (citing People v. Johnson, 149 Ill. 2d 118 (1992)). Because success on a motion to suppress was highly unlikely, the state court reasoned that petitioner could establish neither ineffective assistance nor prejudice, and rejected the claim. This court must also reject petitioner's claim based on the state court's proper application of the Strickland standard.

### 2. Failure to Exclude Prosecution Witness – Claim 2(c)

Next, petitioner alleges that his trial counsel was ineffective for failing to ensure that a prosecution witness was excluded from the courtroom while petitioner was being brought out of lockup. In deciding this claim, the state court noted that the witness petitioner complains of was in the courtroom only while petitioner was being escorted out of lockup, and not during the testimony of any other witness, or at any other meaningful moment. Id. at C35. Accordingly, the court found that the "time honored practice designed to preclude one witness from shaping his testimony to confirm or otherwise meet the evidence previously introduced" was upheld, and petitioner was not prejudiced. Id. (citing People v. Johnson, 47 Ill. App. 3d 362, 369 (1977)). Additionally, the state court found no legal basis from which to conclude that a witness' presence in the courtroom while a defendant is being taken out of lockup amounts to ineffective assistance, and this court knows of none. Because the state court properly and reasonably analyzed this claim under the Strickland standard before rejecting it, this court rejects it as well.

### 3. Failure to Move to Exclude In-Court Identifications – Claim 2(d)

Petitioner also argues that his trial counsel was ineffective for failing to file a motion in limine seeking the exclusion of all in-court identifications based on the allegedly suggestive

14

photo array, an allegedly suggestive line-up procedure, and a prosecution witness' presence in the courtroom while petitioner was brought out of lockup (all discussed above). The state court rejected this claim largely on its rejection of the individual claims on which it is based. Simply put, because none of those claims had any likelihood of succeeding, petitioner's trial counsel was not ineffective for failing to file a motion in limine based on them. For the reasons discussed above, the state court properly and reasonably rejected this claim under Strickland, and this court must do the same.

The state court also addressed petitioner's claim that, had the in-court identifications been suppressed, he would not have been found guilty. The state court rejected this claim outright as misstating the weight of the evidence, which included petitioner's inculpatory statements and the testimony of two eyewitnesses, both of whom identified petitioner as the shooter prior to trial. The court not only agrees with that analysis, it also finds it to be a reasonable application of the facts. Petitioner's claim is rejected.

### 4. Failure to Request Photographs of Lineups – Claim 2(e)

Petitioner argues that his trial counsel was ineffective for failing to request photographs of allegedly unduly suggestive lineups. This claim fails for a number of reasons. First, petitioner presents no factual support for it, and respondent notes that trial counsel did in fact make such a request. See Doc. 24, Exh. Q at C29—31(Motion for Discovery). In his reply, petitioner abandons this argument and instead argues that trial counsel's request came with "a corresponding duty to ensure the state complied with [it]." As the state court pointed out, however, petitioner has presented no evidence to suggest that the photographs were not turned over, and there is no such evidence in the record. Ultimately, petitioner's claim is a Brady claim, which was rejected by the state court on two grounds.

15

The state court first rejected petitioner's Brady claim because the record indicated that the state had in fact produced the photographs petitioner complains of. The state court then noted that, even assuming trial counsel failed to request the photos and the state failed to produce them, petitioner could not make a showing that they were material or that he was prejudiced by not having them. The court reasoned that, because the lineups, as described by petitioner, were not unduly suggestive, there was "not a reasonable probability that disclosure of the [photographs] would have altered the outcome of the proceeding." Because this court finds that the state court reasonably applied the above facts to the properly articulated Strickland and Brady standards,[6] petitioner's claim fails.

### 5. Imperfect Impeachment – Claim 2(g)

Petitioner's next argument is that his trial counsel was ineffective for failing to perfect his impeachment of a prosecution witness regarding a statement the witness made to the police in which he stated that he did not know the shooter's identity or gang affiliation. The state court rejected this claim for two reasons. First, the court found that the witness' testimony was not necessarily inconsistent, and cited the following colloquy:

Q: "Do you remember telling Detectives that you weren't sure who the offenders were or what gang they were in? Do you remember telling the detectives that that night?"
A: "No."
Q: "Are you saying that you didn't tell them that?"
A: "No, I knew who they was."

Doc. 24, Exh. R at C39.

The state court found that this testimony did not directly contradict the witness' earlier statement to police. Accordingly, the court found no evidence that the witness lied on the

---

[6] In analyzing this claim, the state court began with the premise that, "due process prohibits the suppression by the State of information or materials favorable to the petitioner and material to guilt or punishment." Doc. 24, Exh. R at C37. (citing Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Bagley, 473 U.S. 667, 682 (1985)).

16

witness stand, thus no imperfect impeachment. Id. Additionally, the court reasoned that, assuming the testimony was inconsistent, a "mere discrepancy in testimony several years after the initial interview at the police station" would not have resulted in a different trial outcome, and therefore could not have prejudiced petitioner, even if his counsel had failed to perfect the impeachment by following the testimony with the inconsistent statement. Id. Because the state court reasonably applied the facts to the properly articulated Strickland standard, petitioner's claim fails.

### 6. Failure to Impeach – Claim 2(h)

Finally, petitioner argues that his trial counsel was ineffective for failing to impeach another prosecution witness with prior inconsistent statements. Specifically, petitioner alleges that the witness testified at trial that petitioner was the shooter, but did not identify petitioner as the shooter to the investigating officers on the night of the incident. The state court rejected this claim, first noting that the witness' failure to name petitioner as the shooter immediately following the shooting was not necessarily inconsistent with his testimony at trial. Id. at C40. Consequently, the court found that petitioner could not show that his trial counsel's failure to impeach the witness was either objectively unreasonable or prejudicial. Id. As for prejudice, the court noted that the jury had the opportunity to weigh the witness' credibility, along with all of the other evidence presented at trial, before finding petitioner guilty. Because the trial outcome would have been the same regardless of whether trial counsel had impeached the witness, the state court found no prejudice. Id. In so finding, the state court reasonably applied the facts before it to a properly articulated Strickland standard. Petitioner's claim fails.

### III. Certificate of Appealability

Under Rule11(a) of the Rules Governing Section 2254 Proceedings, the district court must either issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). To make a substantial showing, petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 437, 484 (2000) (internal quotation omitted). Because the court finds that no reasonable jurist would find it debatable whether petitioner is entitled to relief under 28 U.S.C. § 2254, it declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, the court denies petitioner's motion (Doc.1) in its entirety and declines to issue a certificate of appealability.

**ENTER:** **August 30, 2017**

_____
**Robert W. Gettleman
United States District Judge**